## HENRY A. BEECHER *vs.* EDWARD E. DENNISTON.

In trover for a manufactured article, which the defendant has declined to exhibit on the trial, a witness who testifies that he is not acquainted with the market value of the article, but that he could form an opinion of the workmanship if he could see it, may be asked by the plaintiff his opinion of the value of the article, as described by other witnesses.

In trover for a chattel, the defendant concealed the chattel until a late stage of the trial, and contended that this created no presumption of its value against him, if he produced it at the trial. The court instructed the jury that the plaintiff ought not to be prejudiced by an intentional withholding of the chattel, calculated and intended to prevent him from showing its actual value as the measure of damages; and that they ought to give the full value, no more and no less. *Held*, that the defendant had no ground of exception.

ACTION OF TORT for the conversion of a doublebarrelled gun, a pair of pistols, and a gold watch and chain. Trial in the court of common pleas in Hampshire at June term 1859, before *Briggs*, J., who, after a verdict for the plaintiff, signed a bill of exceptions, the material parts of which are stated in the opinion.

*S. T. Spaulding*, for the defendant.

*C. Delano*, for the plaintiff.

SHAW, C. J. Several questions seem to have been raised in the course of this trial, as if they would have an important bearing upon the result of the case; but they were ultimately waived and variously disposed of, so that nothing remained for the jury to decide, but the single question of damages. The action is tort, in the nature of trover, for a doublebarrelled gun, two pistols, a gold watch and chain. In this form of action, there is a fixed rule of damages, which is the value of the property at the time of the conversion, with interest from that time to the time of the assessment.

After it became manifest that it was the purpose of the defendant to conceal the articles, which were of rather a peculiar character, and especially after he had admitted them to be the plaintiff's, so that the detention of them by the defendant was wrongful, it was the right of the plaintiff to have such directions from the judge, as would prevent the defendant from profiting by his own wrong, in getting the property undervalued.

The defendant, before he had produced the gun, and whilst the plaintiff was getting evidence from persons skilled in the manufacture of guns, according to the best description he could obtain, without the production of the instrument in question, objected to the testimony of McFarland, because he stated that he was not acquainted with the market value of fowling pieces, especially those of English manufacture; but he at the same time stated that he could form an opinion of the workmanship of a fowling piece, if he should see it. This, we think, was admissible. He was a judge of the completeness of the workmanship, the finish and the cost of such work. This was an important element in the inquiry, as the case then stood. After the gun was produced, he was again examined; no exception was taken, nor, in our opinion, could have been taken to his testimony.

One other exception was taken to a direction of the judge in regard to the watch and chain. There being evidence tending to show that these had been studiously concealed to a late stage in the trial, when the defendant produced them, the plaintiff moved the court to instruct the jury that if the watch and chain had been concealed, so as to prevent the plaintiff from having reasonable time to have them examined, the jury were authorized to presume that the property withheld was of greater value than that indicated by the defendant's evidence. This was opposed by the defendant, who insisted that he was under no obligation to exhibit the articles, and that there was no presumption against him, if they were produced at the trial.

The court did not adopt either of these views, in their full extent; but instructed the jury that the plaintiff ought not to be prejudiced by an intentional withholding of the articles, calculated and intended to prevent him from showing their true value, that the actual and true value was the measure of damages, and they ought to give the full value, no more, and no less. This instruction, we think, was strictly correct in point of law, carefully guarded, well adapted to the state of the evidence, and sufficiently favorable to the defendant.

*Exceptions overruled.*